**[ORAL ARGUMENT NOT SCHEDULED]**

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| GPA MIDSTREAM ASSOCIATION,<br><br>Petitioner,<br><br>v.<br><br>U.S. DEPARTMENT OF TRANSPORTATION &<br>PIPELINE AND HAZARDOUS MATERIALS<br>SAFETY ADMINISTRATION,<br><br>Respondents. | No. 22-1070 |

**JOINT STATUS REPORT**

1.  This case concerns a final rule, promulgated on November 15, 2021, by the Pipeline and Hazardous Materials Safety Administration. The rule revised certain federal pipeline safety regulations to improve the safety of onshore gas gathering pipelines. *See* 86 Fed. Reg. 63,266. The rule addresses regulations governing onshore gas gathering pipelines in rural areas (known as "Class 1 locations"). Among other things, the final rule creates a new category of regulated gathering pipelines, called "Type C" lines, and subjects these pipelines to certain safety regulations. These safety requirements,

incorporated in 49 C.F.R. § 192.9, address, for example, corrosion control, damage prevention programs, and emergency plans. 86 Fed. Reg. at 63,296-97. The final rule gave Type C lines in existence as of May 16, 2022, until May 16, 2023, to comply with the new safety requirements. *Id.* at 63,297. But the final rule also "recognize[d] that some operators may encounter challenges in meeting the deadline for one or more of the Type C requirements," and "includes procedures for an operator to request an alternative compliance deadline." *Id.* at 63,284.

GPA Midstream—which is an association with members that gather and process natural gas into saleable pipeline gas—filed a petition for reconsideration of the final rule with the agency on December 15, 2021. The agency issued a response denying the petition on April 1, 2022. GPA Midstream filed a petition for review in this Court on May 2, 2022 (No. 22-1070).

2. On June 16, 2022, the parties filed a joint motion to hold the case in abeyance. In that motion, the parties stated that they "are discussing a potential settlement that may involve a limited period of non-enforcement of certain requirements in the final rule, at the end of

2

which the parties would jointly move to dismiss." Joint Mot. 3. On June 27, 2022, this Court ordered "that this case be held in abeyance pending further order of the court," and directed the parties "to file status reports at 90-day intervals beginning September 26, 2022." June 27, 2022 Order. The Court also directed the parties "to file motions to govern future proceedings in this case within 30 days of the conclusion of settlement negotiations." *Id.*

3. On July 8, 2022, the parties informed the Court that an agreement to resolve the proceeding was reached. The Pipeline and Hazardous Materials Safety Administration exercised its inherent enforcement discretion to refrain from taking enforcement action for one additional year (from May 16, 2023, until May 17, 2024) against operators of existing Type C gathering pipelines with outer diameter greater than or equal to 8.625", but less than or equal to 12.75", for violations of safety requirements identified in 49 C.F.R. § 192.9. *See* Notice of Limited Enforcement Discretion For Particular Type C Gas Gathering Pipelines (July 8, 2022), https://perma.cc/C8DG-YSXQ. The parties informed the Court that, promptly after the conclusion of that period of the limited enforcement discretion on May 17, 2024, they

3

anticipate that GPA Midstream will move to dismiss this case. The parties also informed the Court that they will continue to send status reports to this Court in 90-day intervals until that time, unless otherwise directed. Consistent with that framework, the parties filed joint status reports on October 6, 2022, January 4, 2023, April 4, 2023, July 3, 2023, September 28, 2023, and December 22, 2023.

4. The parties wish to inform the Court that the agreement they reached remains in place and the Notice of Limited Enforcement Discretion For Particular Type C Gas Gathering Pipelines remains in effect, and on September 12, 2022, and May 18, 2023, GPA Midstream provided its members with an informational awareness seminar on the compliance requirements of the final rule, as contemplated by the parties' agreement. Accordingly, the parties still anticipate that, promptly after the conclusion of the period of limited enforcement discretion on May 17, 2024, GPA Midstream will move to dismiss this case. Unless directed otherwise, the parties will send their next status report in 90 days if necessary and on June 25, 2024.

|  | Respectfully submitted, |
|---|---|
| /s/ Keith J. Coyle | ABBY C. WRIGHT |
| KEITH J. COYLE | /s/ Martin Totaro |
| Christina M. McKinley | MARTIN TOTARO |
| *Babst, Calland, Clements & Zomnir, P.C.* | *Attorneys, Appellate Staff* |
| *505 9th Street, NW* | *Civil Division, Room 7525* |
| *Suite 602* | *U.S. Department of Justice* |
| *Washington, DC 20004* | *950 Pennsylvania Avenue NW* |
| *(202) 853-3460* | *Washington, DC 20530* |
|  | *(202) 514-5048* |
| *Counsel for petitioner* | *Counsel for respondents* |

March 2024